UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME CURRY,

                    Plaintiff,

          -against-

KYOUNG S. KIM, CLIINICAL PHYSICIAN;
A. SIMPSON, REGISTERED NURSE,

                    Defendants.

22-CV-4127 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, brings this

*pro se* action, alleging that Defendants were deliberately indifferent to his medical needs.

Because Plaintiff alleges that Defendants violated his federal constitutional rights, the Court

construes his claims as arising under 42 U.S.C. § 1983. He names as Defendants Dr. Kyooung S.

Kim and Registered Nurse A. Simpson, both of whom were employed at Green Haven

Correctional Facility at the time of the events giving rise to Plaintiff's claims.

          By order dated May 25, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On or about May 24, 2019, Plaintiff was attacked with a cane by another inmate. On the same day, Plaintiff was taken to the facility's clinic, where he was examined by Defendant Simpson. After completing the physical examination, Simpson prepared an Inmate Injury Report in which "she reported that plaintiff suffered a 5 centimeter lump to the left fore head near the eye, with an open 3 centimeter superficial scrape to the left fore[arm], with a swollen right thumb and right pointer finger." (ECF 2, at 3.) Despite mentioning in the report the visible swelling of Plaintiff's right thumb and pointer finger, Defendants failed to order x-rays of those fingers. They instead ordered x-rays of the left side of Plaintiff's head and face, the site of the injuries near his eye.

On May 31, 2019, Plaintiff underwent a surgical procedure on his right pointer finger, which he maintains was infected and swelling, to drain accumulated fluids. Plaintiff states that, "[d]ue to the severe infection and swelling this surgical procedure was performed without anesthesia." (*Id.* at 3.)

Finally, "nearly a month after the injury," an x-ray was taken of Plaintiff's right pointer finger which showed that the finger was fractured. (*Id.*)

Plaintiff alleges that by "ignoring the obvious and visible injury to his right pointer finger," Defendants failed to provide him with adequate treatment and that their delay in treating his finger caused infection and swelling. (*Id.* at 4.)

Plaintiff alleges that he "was left to suffer from a serious infection which caused extreme pain, and prevented plaintiff from sleeping due to the chronic and substantial pain for approximately one month." (*Id.*)

Plaintiff seeks money damages in an amount no less than $550,000. (*Id.* at 4-5.)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his federal constitutional rights, the

Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under

Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

the United States was violated, and (2) the right was violated by a person acting under the color

of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.      Inadequate Medical Care

To state a Section 1983 claim for inadequate medical care under the Eighth Amendment,

a plaintiff must allege facts showing that correction officials were deliberately indifferent to the

plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo*

*v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). Deliberate indifference claims include an

objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.

2011). Prisoners alleging deliberate indifference to their medical needs must satisfy both

components to state a claim under the Eighth Amendment.

The objective component requires that a prisoner "show that the conditions, either alone

or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v.*

*Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The

deliberate indifference standard "contemplates a condition of urgency such as one that may

produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir.

2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need

must be a "sufficiently serious" condition that "could result in further significant injury or the

unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

When medical treatment was provided, but a complaint alleges that treatment was delayed or

inadequate, the relevant concern is not "the severity of the prisoner's underlying medical

condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (holding that issue was not whether HIV is a serious illness but whether the brief delay in obtaining HIV medication risked serious harm); *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (seriousness inquiry is focused on the alleged inadequacy).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin*, 467 F.3d at 280. That is, the prisoner must state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. A "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" required to satisfy the subjective component of the deliberate indifference standard).

**B.      Plaintiff's Claim**

**1.      Objective Prong**

Plaintiff alleges that Defendants' failure to x-ray his hand immediately after the incident led to an infection and that a subsequent x-ray showed that his finger was fractured. Courts in this Circuit have held a broken finger on its own does not constitute a serious enough injury to satisfy the objective prong of the deliberate indifference test. *See, e.g., Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F.Supp.2d 303, 311 (S.D.N.Y. 2001) ("Case law holds that the objective prong of the deliberate indifference test is not satisfied ... whe[n] a finger is broken.") (collecting cases); *Henderson v. Doe,* 1999 WL 378333, at *2 (S.D.N.Y. June 10, 1999) (holding "conditions that have failed to meet [the sufficiently serious] standard include ... a broken finger"); *Rivera v. S.B. Johnson,* 1996 WL 549336, at *2 (W.D.N.Y. Sept. 20, 1996) ("A broken finger, without more, simply does not present a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection.").

Similarly, "infections do not generally constitute a serious medical need." *Burgess v. Wright,* 2009 WL 2971538, at *7 (N.D.N.Y. Sept. 11, 2009). Courts have held that infections accompanied by more serious symptoms, however, can merit constitutional protection. *See, e.g., Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) ("[T]he failure to provide treatment for an otherwise insignificant wound may violate the Eighth Amendment if the wound develops signs of infection, creating a substantial risk of injury in the absence of appropriate medical treatment."); *Chance v. Armstrong,* 143 F.3d 698, 702–03 (2d Cir.1998) (holding an infected tooth causing great pain, rendering inmate unable to chew for over six months, and resulting in the need to have more teeth extracted, was a serious medical condition under the Eighth Amendment); *Odom v. Kerns,* No. 99-CV-10668, 2008 WL 2463890, at *7 (S.D.N.Y. June 18,

2008) (cuts and open wounds that eventually became infected could be serious medical needs, even absent allegations that plaintiff had chronic pain or inhibition of daily activities).

At least two courts in this Circuit, however, have held that a broken finger and an accompanying infection do not rise to the level of an objectively serious medical need. *See Laguna v. Kwan*, No. 13-CV-7079 (VB), 2015 WL 872366, at *5 (S.D.N.Y. Jan. 28, 2015) ("The type of pain associated with a broken finger, and an infection in that finger, is not sufficiently serious to deny [P]laintiff a 'minimal civilized measure of life's necessities.'") ((quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *Burgess*, 2009 WL 2971538, at *7 (holding that a broken finger and an infection in a hand, in combination, do not rise to the level of a serious medical need).

Because Plaintiff alleges a broken finger and an infection, and that he was in significant pain for a month, the Court assumes for the purposes of this order that he has satisfied the objective component. In his amended complaint, Plaintiff should reallege the facts contained in the original complaint regarding his broken finger and infection, and allege any additional facts that suggest his medical condition was one of "urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86.

### 2.     Subjective Prong

Even if Plaintiff could meet the objective prong of the deliberate indifference standard, however, his allegations fail to satisfy the standard's subjective component because they do not suggest that Defendants acted with a state of mind akin to criminal recklessness. Plaintiff alleges that Defendants examined him and noted swelling of his right thumb and right pointed finger, but failed to order x-rays of that injury. Plaintiff's allegations amount to a challenge to Defendants' medical judgment or, at most, suggest negligence or perhaps medical malpractice. Medical decisions rise to the level of deliberate indifference "only when they are made contrary to

accepted medical standards." *Harding v. Kuhlmann*, 588 F. Supp. 1315, 1316 n.6 (S.D.N.Y. July 19, 1984) (citing *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)). "A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107; *see Vento v. Lord*, No. 96-CV-6169, 1997 WL 431140, at *5 (S.D.N.Y. July 31, 1997) (holding that "[p]laintiff's allegation regarding defendants' failure to order new x-rays, taken in its most favorable light, merely constitutes a challenge to defendants' medical judgment" and therefore fails to state a claim). Moreover, "simple negligence, even if it amounts to medical malpractice, does not establish deliberate indifference." *Torres v. Alers*, No. 04-CV-1127, 2005 WL 2372741, at *3 (S.D.N.Y. Sept. 26, 2005) (citation omitted). Because Plaintiff does not allege facts suggesting that Defendants acted with deliberate indifference to his medical needs, he fails to state an Eighth Amendment claim under Section 1983.

**C.     Application for the Court to Request Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid Section 1983 claim for deliberate indifference to his medical needs, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff's amended complaint must allege facts suggesting a plausible claim under the Eighth Amendment. First, he must allege facts showing that had a medical condition that posed an unreasonable risk of serious damage to his health. Plaintiff should reallege the facts included here regarding his injuries, as well as any other facts suggesting that his condition was one that may produce death, degeneration, or extreme pain. Second, Plaintiff must allege facts suggesting that Defendants were aware of a substantial risk of serious harm and ignored that risk. Allegations of mere negligence or medical malpractice will not suffice.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4127 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF 4) without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 11, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No

(check one)

___ **Civ.** _____ ( )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

*Rev. 01/2010*                                    1

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.     Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.     Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<div style="border:1px solid black;">**Was anyone else involved?**</div>

_____
_____
_____
_____
_____
_____

<div style="border:1px solid black;">**Who else saw what happened?**</div>

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.       Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

          Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____      No _____      Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____      No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
        _____

         _____

       2.      What was the result, if any?
        _____

         _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
       _____
       _____
       _____
       _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you
        informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative
        remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

**V.      Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).   _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td><td></td></tr>
</table>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit  _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On<br>other<br>claims</td><td></td></tr>
</table>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____


2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit  _____

_Rev. 01/2010_                                              6

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

              Signature of Plaintiff     _____

              Inmate Number              _____

              Institution Address        _____

                                         _____

                                         _____

                                         _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

              Signature of Plaintiff:   _____