UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME CURRY,

                              Plaintiff,

                -against-

KYOUNG S. KIM and A. SIMPSON,

                              Defendants.

**OPINION & ORDER**

22-CV-04127 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jerome Curry ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Clinical Physician Kyoung S. Kim ("Kim") and Registered Nurse A. Simpson ("Simpson" and together, "Defendants") for violating his constitutional rights while he was incarcerated at Green Haven Correctional Facility ("Green Haven") in Stormville, New York. (*See generally* Doc. 8, "FAC"). Specifically, Plaintiff alleges that Defendants violated his Eighth Amendment rights by delaying the ordering of an x-ray on his finger for approximately 30 days. (*See generally*, *id.*).

On July 11, 2022, Chief Judge Laura Taylor Swain—before whom this case proceeded prior to being assigned to this Court—granted Plaintiff leave to file an amended complaint within sixty days of her Order, and denied Plaintiff's application for the Court to request pro bono counsel. (Doc. 7, "Order to Amend").[1] Plaintiff timely filed his amended complaint on September 7, 2022. (*See* FAC). The action was assigned to me on September 8, 2022, and an order of service was issued thereafter. (Doc. 10).

---

[1] The Order to Amend is available on commercial databases. *See Curry v. Kim*, No. 22-CV-04127, 2022 WL 2702744, at *1 (S.D.N.Y. July 11, 2022). For ease of reference, the Court cites herein the copy of the Order to Amend filed on the docket.

Pending before the Court is Kim's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] (Doc. 24). Pursuant to the briefing schedule set by the Court, Kim filed his memorandum of law in support of the motion to dismiss on March 14, 2023 (Doc. 25, "Mot."). Plaintiff timely opposed the motion on May 24, 2023, in accordance with the extension of time granted by the Court. (Doc. 29; Doc. 30, "Opp.").[3]  After receiving an extension of time from the Court, Kim timely filed his reply on June 23, 2023. (Doc. 35, "Reply").[4]

For the reasons set forth below, the motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that he was attacked with a cane by another inmate while incarcerated at Green Haven on or about May 24, 2019. (FAC ¶ 8). That same day, Plaintiff was physically examined by Simpson at the facility's clinic. (*Id*. ¶ 10). Simpson prepared an Inmate Injury Report which "reported that plaintiff suffered a 5 centimeter lump to the left forehead near the eye, with an open area of 3 centimeter superficial scrape to the left forearm, with a swollen right thumb and right pointer finger." (*Id*.).  Despite the report noting swelling of Plaintiff's right thumb and right pointer finger and Plaintiff stating that he believed his right pointer finger to be broken, and that he was in pain and could not bend it, neither Simpson nor Kim ordered x-rays to be taken of Plaintiff's fingers. (*Id*. ¶¶ 11, 15). X-rays were ordered of the left side of Plaintiff's head and face. (*Id*.).

---

[2] Simpson was named in Plaintiff's FAC but has not been served with process in this case (Doc. 13), and did not, therefore, join Kim's motion to dismiss. Nevertheless, Kim asserts that "[t]he reasoning in this motion applies equally to Nurse Simpson." (Mot. at 2). Accordingly, the Court considers the motion in the context of both Defendants.

[3] Plaintiff's opposition is titled as "Motion for An Order Granting Plaintiff's Amended Complaint." (Doc. 29). The Court will, however, construe Plaintiff's motion and its accompanying memorandum of law as his opposition to the pending motion to dismiss.

[4] Citations to the parties' filings correspond to the pagination generated by ECF.

Plaintiff alleges that due to Defendants' failure to order x-rays of his right pointer finger, a severe infection developed. (*Id*. ¶ 12). Plaintiff underwent a surgical procedure on May 31, 2019, which drained accumulated fluids from his right pointer finger. (*Id*.). Plaintiff maintains that this procedure was "due to the severe infection and substantial swelling" in his right pointer finger. (*Id*.).

After writing eight letters to Simpson and Kim and several visits to sick call, x-rays were taken of Plaintiff's right pointer finger "nearly a month after the injury." (*Id*. ¶ 13). Plaintiff clarifies in opposition that the x-rays were taken of his finger on June 17, 2019—totaling 24 days after the injury. (Opp. at 3). The x-rays showed that Plaintiff's right pointer finger was fractured. (FAC ¶ 13). Plaintiff maintains that these x-rays "explained why plaintiff developed such an aggressive and painful infection." (*Id*.).

Plaintiff argues that Defendants failed to provide adequate medical treatment by ignoring his obvious injuries and complaints about his finger. (*Id*. ¶ 14). Defendants "delayed the provision of treatment which could have prevented severe infection, swelling, and a surgical procedure performed without anesthesia." (*Id*.). The fracture and infection in Plaintiff's finger "caused [him] difficulties to brush his teeth, write letters, get dressed, and the performance of other necessary activities." (*Id*. ¶ 17). Plaintiff also alleges that he suffered permanent numbness. (*Id*.). Plaintiff seeks money damages in an amount no less than $550,000. (*Id*. ¶ 18).

## STANDARD OF REVIEW

I.    Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it."

*Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[5] "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

## II.    Rule 12(b)(6) Standard

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the

strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)

(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.   Fed. R. Civ. P. 12(b)(1): Lack of Subject-Matter Jurisdiction

This Court, as guided by precedent, turns first to Defendants' arguments regarding the lack

of subject-matter jurisdiction and dismissal mandated under Rule 12(b)(1).

A.   New York Correction Law § 24

Plaintiff does not identify specifically any state law claims for relief. Nevertheless,

Defendants, in reading the FAC broadly, argue that "[t]o the extent state law claims can be read

into the pleadings, they are barred by New York Corrections Law § 24 . . . ." (Mot. at 6). The Court

agrees. New York Correction Law § 24 provides, in pertinent part, as follows:

> 1.     No civil action shall be brought in any court of the state,
> except by the attorney general on behalf of the state, against any
> officer or employee of the department, which for purposes of this
> section shall include members of the state board of parole, in his or
> her personal capacity, for damages arising out of any act done or the
> failure to perform any act within the scope of the employment and
> in the discharge of the duties by such officer or employee.
>
> 2.     Any claim for damages arising out of any act done or the
> failure to perform any act within the scope of the employment and
> in the discharge of the duties of any officer or employee of the
> department shall be brought and maintained in the court of claims
> as a claim against the state.

N.Y. Corr. Law §§ 24(1)-(2).

"The Second Circuit has held that this provision prevents federal courts from exercising

pendent jurisdiction over state law claims appended to federal claims brought pursuant to 42

U.S.C. § 1983." *Sughrim v. New York*, No. 19-CV-07977, 2020 WL 7047697, at *21 (S.D.N.Y.

Nov. 30, 2020) (quoting *Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 (S.D.N.Y. 2015)); *see also*

*Brown v. Griffin*, No. 18-CV-05439, 2019 WL 4688641, at *8 (S.D.N.Y. Sept. 25, 2019)

(dismissing claims for alleged violations of the New York State Constitution); *Davis v. McCready*, 283 F. Supp. 3d 108, 124 (S.D.N.Y. 2017) ("[U]nder Section 24, any tort claim arising under New York law . . . must be dismissed for lack of subject matter jurisdiction."); *Cruz v. New York*, 24 F. Supp. 3d 299, 309 (W.D.N.Y. 2014) ("Plaintiff's state law claims against Defendants . . . are barred because New York Correction Law § 24 shields them from liability for state law claims in both state and federal court.").

Here, Plaintiff does not suggest that either Defendant acted outside the scope of their employment. (*See generally* FAC); *see also Cruz*, 24 F. Supp. 3d at 310 (explaining that "[t]he test to determine whether the defendants' actions fall within the scope of their employment is whether the act was done while the servant was doing the master's work no matter how irregularly, or with what disregard of instructions" (internal quotation marks omitted)). Therefore, because any state law claims against Defendants "would be barred in New York state courts, this Court equally lacks jurisdiction over the claims." *Hassell*, 96 F. Supp. 3d at 385. Plaintiff's claims under New York State law are, accordingly, dismissed.

### B. Eleventh Amendment Immunity

Insofar as Plaintiff intends to press claims against Defendants in their official capacities under 42 U.S.C. § 1983, those claims must be dismissed by operation of the Eleventh Amendment. (Mot. at 6).

The Eleventh Amendment directs that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language bars suits, even those arising under federal law, against a state, or against a state employee acting in his or her official capacity, by one of its own citizens. *Woods*

7

*v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself.").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Nelkenbaum v. Jordy*, No. 19-CV-07953, 2020 WL 7630354, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original)). To that point, it is well-settled that "New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity." *Phillips v. New York*, No. 13-CV-00927, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)); *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) ("Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the [Eleventh] Amendment.").

Consequently, because the Eleventh Amendment deprives this Court of subject-matter jurisdiction and neither exception applies, the claims for relief under 42 U.S.C. § 1983 are dismissed under Rule 12(b)(1) to the extent they seek relief against Defendants in their official capacities. This result does not affect the 42 U.S.C. § 1983 claims against Defendants in their individual capacities. The Court therefore considers Defendants' arguments for dismissal of those claims for relief under Rule 12(b)(6).

II.     <u>Fed. R. Civ. P. 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted</u>

The Court construes Plaintiff's claim against Defendants as seeking relief under 42 U.S.C.

§ 1983. That statute provides, in pertinent part, that "[e]very person who, under color of any statute

. . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured . . . ." 42 U.S.C. § 1983. "[T]his language . . . creates a mechanism by which

individuals can vindicate the violation of rights secured elsewhere." *Linares*, 2021 WL 2689736,

at *6 (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8,

2021) (first alteration in original)). The allegations here concern the Eighth Amendment. (*See*

*generally* FAC).

Plaintiff presses a Section 1983 claim against Defendants for inadequate medical care

under the Eighth Amendment with respect to their delayed x-ray of his right pointer finger. (*Id*.).

On July 11, 2022, Chief Judge Swain addressed the merits of Plaintiff's deliberate indifference

claim in an Order to Amend. (*See generally* Order to Amend). This Order incorporates by reference

Chief Judge Swain's analysis and findings regarding Plaintiff's deliberate indifference claim as

set forth in the Order to Amend. (*Id*.) Chief Judge Swain ultimately found that "[b]ecause Plaintiff

does not allege facts suggesting that Defendants acted with deliberate indifference to his medical

needs, he fails to state an Eighth Amendment claim under Section 1983." (*Id*. at 8). Plaintiff was

permitted sixty days to amend his complaint to further detail his claims. (*Id*. at 9).

As explained in detail in the Order to Amend, Plaintiff must satisfy both the objective

component and a subjective component to state a claim for deliberate indifference under the Eighth

Amendment. (*Id*. at 4 (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). The Court turns

first to the subjective component. Chief Judge Swain determined that Defendants' alleged failure

to order x-rays of Plaintiff's finger injury "amount[s] to a challenge to Defendants' medical judgment or, at most, suggest negligence or perhaps medical malpractice." (*Id*. at 7). This medical decision, even if it amounts to negligence or malpractice, is insufficient to establish a claim of deliberate indifference. (*Id*. at 7). Accordingly, "Plaintiff's allegations fail to satisfy the standard's subjective component because they do not suggest that Defendants acted with a state of mind akin to criminal recklessness." (Order to Amend at 8). Chief Judge Swain directed Plaintiff to amend the complaint to allege facts "suggesting that Defendants were aware of a substantial risk of serious harm and ignored that risk. Allegations of mere negligence or medical malpractice will not suffice." (*Id*. at 9).

In the FAC, Plaintiff adds allegations detailing his complaints to Defendants regarding the finger injury. (FAC ¶¶ 10-16). Specifically, Plaintiff alleges that he complained to Defendants about the pain, swelling, and inability to bend his finger, as well as his belief that the finger was broken, in-person on the day of the incident, in eight written letters, and during visits to "sick call." (*Id*.). The FAC also alleges Defendants "delayed the provision of treatment which could have prevented the severe infection, swelling, and a surgical procedure performed without anesthesia." (*Id*. ¶ 14).

Even viewing these newly added allegations in the light most favorable to Plaintiff, they do not allege awareness of a "substantial risk of serious harm" that Defendants ignored. The new allegations merely expand on the fact that, at the time Defendants decided not to order an x-ray, they were aware of the pain, swelling, and Plaintiff's belief that his finger was broken. That Defendants had this information about Plaintiff's medical condition and chose not to order an x-ray for 24 days amounts to a challenge to Defendants' medical judgment. (Order to Amend at 7-8); *see Vento v. Lord*, No. 96-CV-06169, 1997 WL 431140, at *5 (S.D.N.Y. July 31, 1997)

10

(holding that "[p]laintiff's allegation regarding defendants' failure to order new x-rays, taken in its most favorable light, merely constitutes a challenge to defendants' medical judgment" and therefore fails to state a claim). At most, the FAC suggests that Defendants, having heard Plaintiffs' complaints and seen his injured finger, might be accused of negligence by failing to order an x-ray. (*Id.*); *see Torres v. Alers*, No. 04-CV-01127, 2005 WL 2372741, at *3 (S.D.N.Y. Sept. 26, 2005) ("At most, Defendant might be accused of negligence in failing to order an x-ray of Plaintiff's ankle, but . . . simple negligence, even if it amounts to medical malpractice, does not establish deliberate indifference."). The FAC therefore fails to plausibly allege that Defendants acted with a "sufficiently culpable state of mind" to support a claim for deliberate indifference in violation of the Eighth Amendment. *See i.e.*, *Williams v. Williams*, No. 13-CV-03154, 2015 WL 568842, at *7 (S.D.N.Y. Feb. 11, 2015) ("At their strongest, Plaintiff's allegations suggest that Dr. Williams negligently misdiagnosed his broken finger during his May 24 visit and that Plaintiff disagreed with the course of treatment that he received from Dr. Williams. Without more, as already noted, allegations of a negligent misdiagnosis do not satisfy the subjective requirement of the deliberate indifference analysis because they do not suggest that the defendant acted with a conscious disregard to inmate health or safety.").

The FAC does not provide any basis to disturb Chief Judge Swain's holding that Plaintiff failed to allege facts suggesting that Defendants acted with deliberate indifference. Accordingly, Plaintiff's claim for deliberate indifference in violation of the Eighth Amendment is dismissed.[6]

---

[6] With respect to the objective prong, the Order to Amend directs the following: "[Plaintiff] must allege facts showing that had a medical condition that posed an unreasonable risk of serious damage to his health. Plaintiff should reallege the facts included here regarding his injuries, as well as any other facts suggesting that his condition was one that may produce death, degeneration, or extreme pain." (*Id.* at 9). Given this Court's conclusion as to the subjective prong of the deliberate indifference standard, discussed *supra*, it need not and does not reach the issue of whether the FAC alleges a medical condition which rises to the level of an objectively serious medical need.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED[7] with prejudice as to Defendants Kim and Simpson.[8]

Although "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint," it is "not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). This action is dismissed with prejudice to the extent outlined above. Here, having already amended his complaint once, any further amendment would be futile. Accordingly, and although Plaintiff has not sought permission to do so, leave to file a Second Amended Complaint is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion pending at Docs. 24 and 29, close this case, and mail a copy of this Opinion and Order to Plaintiff.

---

[7] In light of the conclusions reached herein, the Court need not and does not address Defendants' arguments regarding qualified immunity or the availability of declaratory relief. (*See* Mot. at 6-7).

[8] Dismissal with prejudice is warranted as to Simpson, the unserved Defendant, for the same reasons applicable to Kim, the served Defendant. *See Cartwright v. D'Alleva*, No. 17-CV-05953, 2018 WL 9343524, at *9 (S.D.N.Y. Aug. 27, 2018), *aff'd*, 782 F. App'x 77 (2d Cir. 2019).

**SO ORDERED.**

Dated:   White Plains, New York
        November 14, 2023

_____
PHILIP M. HALPERN
United States District Judge